UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ELIAZAR LENIN CONRADO
RIVAS,

                Petitioner,

v.                                    Case No. 3:26-cv-1690-MMH-MCR

TODD BLANCHE, et al.,

                Respondents.

_____

## **ORDER**

Petitioner Eliazar Lenin Conrado Rivas, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Immigration Habeas Case (Doc. 1; Petition), filed June 30, 2026. See generally Petition. Rivas is a citizen of Nicaragua who entered the United States in September 2022 and was granted temporary parole. Id. at 4–5. In May 2026, United States Immigration and Customs Enforcement (ICE) re-encountered Rivas following a traffic stop. Id. at 5–6. Rivas raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 9–16.

Respondent Warden filed Respondent Warden, Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6;

Motion), arguing he is not a proper respondent in this case. See generally Motion. The Federal Respondents filed Federal Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 5; Response) asserting that they are now detaining Rivas under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). See generally Response.

When Rivas was detained in May 2026, Petition at 5–6, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Rivas's Petition for Writ of Habeas Immigration Habeas Case (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized

bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Rivas an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Rivas, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Baker Correctional Institution's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[1] Because the Court finds that Rivas is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3

4

lc36
c:
Counsel of Record